Merrimack, }
May 7, 1912. }

FOSTER, *Trustee* v. HARGATE & a.

Where a will provides that the executor shall deduct the usual and ordinary expenses of administration before the residuum of the estate vests in a trustee, and that after the decease of beneficiaries for life the trust fund shall be paid to the legatee, less the expenses incident to its care and administration, the beneficiaries for life are entitled to the gross income of the trust estate.

BILL IN EQUITY, by the trustee under the will of John Hargate, asking the advice of the court as to whether the beneficiaries for life under the will are entitled to the gross income or the net income of the trust estate.   Transferred without a ruling from the October term, 1911, of the superior court by *Mitchell*, J.

The trust is created by the fourth clause of the codicil, the material parts of which are as follows: "It is my desire that my said executor . . . be not only my executor, . . . but that he also be trustee of my estate during the lifetime of both of my said sisters, . . . and upon the death of the last survivor of my sisters, after the payment of the legacies provided in said will, pay the residuum of my said estate, or deliver the same, to the residuary legatee, . . . less the expenses incident to the care and administration of said estate by my said executor, acting as trustee. It being my wish and intention that, in addition to the payment of debts, expenses of last sickness, there shall be deducted the usual

and ordinary expenses of administration of my said esate by my said executor, before my estate vests" in him as trustee.

*William H. Foster*, trustee, *pro se.*

*Taggart, Tuttle, Burroughs & Wyman*, for the *cestuis que trustent.*

*Foster & Lake*, for the residuary legatee.

YOUNG, J.    The testator's sisters are not entitled to the whole of the income of the trust estate, if the expenses mentioned in the final clause of this section of the codicil are the same as those mentioned in the clause which precedes it.    If the words the testator used are given their ordinary meaning, by "expenses," in the final clause, is intended those incident to the settlement of the testator's estate, for they are the "usual and ordinary expenses of administration," and are to be deducted "before my estate vests" in the trustee; and by "expenses" mentioned in the preceding clause is intended those incident to the administration of the trust, for they are the expenses incident "to the care  .  .  .  of said estate by my said executor, acting as trustee," and are not to be deducted until the trust estate is finally distributed.    It is probable, therefore, that the expenses the testator had in mind in the final clause are not the same as those in the clause which precedes it; in other words, that the final clause is not intended to explain what expenses are meant in the clause which precedes it, but to limit the estate of which the testator's sisters are to have the income.    It follows, therefore, that the testator probably intended to give his sisters the whole of the income of the trust estate, when he said that the expenses incident to its care and administration are to be deducted from the residuum before it is delivered to the residuary legatee.

*Case discharged.*

All concurred